## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **ANGELA DELORES SAUNDERS,** | **2:23-CV-12976-TGB-CI** |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 2) AND DENYING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL BRIEF (ECF NO. 8)** |
| **THE HOME DEPOT, INC.,** | |
| Defendant. | |

Before the Court is Plaintiff's attempt to relitigate an accident that occurred in one of Defendant's retail stores. Following a careful review of the facts and legal claims raised, the Court concludes that Plaintiff's Complaint is substantively indistinguishable from the complaint dismissed by the Court in a prior action between the same parties on the same matter. Defendant's motion to dismiss, therefore, will be **GRANTED**.

## I.     BACKGROUND

In April 2020, amid the early days of the COVID-19 pandemic, Michigan's governor ordered most businesses in the state closed. *See* Executive Order 2020-42. Hardware and home maintenance stores—

among other businesses considered essential to maintaining "the safety, sanitation, and basic operation of residences"—were permitted to remain open, provided they took certain steps to reduce the risk of COVID-19's transmission. *Id.* at 9(f). Retail stores were to limit the number of workers and customers in the store, keep workers and customers six feet apart when possible, and establish lines with six-foot markings to help keep customers socially distanced. *Id.* at 11(a)–(d).

On April 26, 2020, Plaintiff Angela Delores Saunders ("Saunders") visited one of Defendant Home Depot, U.S.A., Inc.'s ("Home Depot") retail stores in Northville Township, Michigan. *Saunders I*, 2:20-cv-13337, Order Den. Remand, ECF No. 12, PageID.105. After selecting some items, Saunders took her place in a check-out line to pay, which, in line with pandemic guidance, was set up to allow for social distancing. *Saunders I*, 2:20-cv-13337, Pl.'s Compl., ECF No. 1-1, PageID.13.

As Saunders waited, two more customers joined the line behind her. *Id.* Soon enough, the man in front of Saunders was next to check out. *Id.* At that moment, a woman walked down one of the merchandise aisles towards the checkout lanes at the front of the line, apparently not realizing that the queue had begun elsewhere. *Saunders I*, 2:20-cv-13337, Pl.'s Compl., ECF No.1-1 at PageID.13–14. A Home Depot store employee, according to Saunders, was present and was "assigned to direct customer traffic, which included directing customers to check-out lanes as they became open, reminding customers to maintain six feet of

2

separation, and directing customers to the end of the line." *Saunders I*, Pl.'s Compl., ECF No. 1-1, PageID.13; Order Den. Remand, ECF No. 12, PageID.105. The store employee directed the woman to the back of the line. But as she began to change course, the man in front of Saunders invited the woman to take the spot ahead of him. *Saunders I*, Pl.'s Compl., ECF No. 1-1, PageID.14; ECF No. 12, PageID.105. According to Saunders, the employee "failed, neglected, and refused to say or do anything to intervene in the man's attempt to have the woman cut the line." *Saunders I*, Pl.'s Compl., ECF No. 1-1, PageID.14. The man moved to allow the woman to pass. As he did so, he backed into Saunders, stepped on her foot, and knocked her over. *Saunders I*, Pl.'s Compl., ECF No. 1-1, PageID.14.

Saunders sought (and continues to seek) to hold Home Depot liable for the collision, alleging Defendant had a duty to "reasonably control customer traffic at check-out lanes," that the retail store was negligent in this control, and that "as a proximate result" of Home Depot's negligence, Plaintiff suffered "serious injuries." *Saunders I*, Compl., ECF No. 1-1, PageID.14.

## II. STANDARD OF REVIEW

In evaluating whether a complaint can survive a motion to dismiss, a court "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent

with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to support their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under *Iqbal*, a plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if they plead facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Ashcroft*, 556 U.S. at 678–79).

Consideration of a motion to dismiss is generally confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). A court may, however, consider any exhibits attached to the complaint or a defendant's motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court may also consider "matters of which a court may take judicial notice" and "public records." See *Dunigan v. Thomas*, No. 22-CV-11038, 2023 WL

4

2215954, at *4 (E.D. Mich. Feb. 24, 2023), *reconsideration denied in part*, No. 22-CV-11038, 2023 WL 3562987 (E.D. Mich. May 19, 2023), *and motion to certify appeal denied*, No. 22-CV-11038, 2024 WL 889032 (E.D. Mich. Mar. 1, 2024).

## III.   PROCEDURAL HISTORY

Saunders first filed suit in Wayne County Circuit Court on September 14, 2020. *Saunders I*, 2:20-cv-13337, Pl.'s Mot. to Remand, ECF No. 5, PageID.30. Home Depot removed the matter to federal court on December 21, 2020, ECF No. 1, and filed an Answer with Affirmative Defenses the day after. *Saunders I*, 2:20-cv-13337, Def.'s Answer, ECF No. 2.

On January 12, 2021, Saunders moved to remand to state court, contending that "the Notice of Removal…was untimely, and that the [D]efendant had not met its burden in otherwise establishing the propriety of the removal." *Saunders I*, 2:20-cv-13337, Reply, ECF No. 8, PageID.75. *But see Saunders I*, 2:20-cv-13337*,* Resp., ECF No. 7, PageID.61 ("This matter was removed from state court based on diversity jurisdiction[,] [Saunders] does not contest that the amount-in-controversy meets the threshold for diversity jurisdiction or that the parties are not diverse[.]"); *Saunders* I, Pl.'s Mot. to Remand, ECF No. 5, PageID.32 ("[Plaintiff's] summons and complaint were mailed to the Home Depot headquarters in Atlanta[.]"); *Saunders I*, Pl.'s Mot. to Remand, ECF No. 5, PageID.38 ("[T]he application of common sense will

5

enable the [D]efendant to know that the amount in controversy exceeds $75,000[;] that knowledge may be imputed to the [D]efendant."); *Saunders I*, Reply, ECF No. 8, PageID.81 ("Plaintiff submits[,] as she did in her original brief[,] [D]efendant had sufficient information to conclude that the amount-in-controversy exceeded $75,000[.]").

A few months later, in June 2021, the Court denied Plaintiff's remand motion. *See Saunders I*, Order Den. Remand, ECF No. 12, PageID.114 ("[N]owhere in the pleadings or briefing does Plaintiff contend that the amount in controversy is in fact less than $75,000[.] In sum, the Record shows that Defendant did not have access to information, either in the pleadings or papers provided by Plaintiff, from which it could ascertain that the case was removable[.] Defendant removed…less than 30 days after receiving unambiguous information[.] Accordingly, removal was timely under 28 U.S.C. § 1446(b)(3).").

Shortly thereafter, Saunders' counsel requested a 90-day stay of proceedings and an extension to file a motion for reconsideration of the Court's remand denial. *Saunders I*, ECF Nos. 10, 13. On June 30, 2021, the Court granted a 45-day stay of all proceedings, further instructing Saunders that any motion for reconsideration must be filed by August 13, 2021. *Saunders I*, ECF No. 14, PageID.120. No such motion would be forthcoming.

The case then idled for nearly six months until Home Depot submitted a motion seeking judgment on the pleadings in December

2021. *Saunders I*, Def.'s Mot. for J. on Pleadings, ECF No. 15, PageID.121. "By rule, Plaintiff's response…was due on December 27 or 28, 2021." *Saunders I*, Pl.'s Mot. for Extension, ECF No. 16, PageID.147. On January 3, 2022, Plaintiff moved for an additional extension to file a response "no sooner than January 19, 2022." *Saunders I*, Pl's. Mot. for Extension, ECF No. 16, PageID.149. On January 18, 2022, Plaintiff moved for an additional, one-week extension, *Saunders I*, Pl's. Second Mot. for Extension, ECF No. 18, PageID.157, ultimately submitting a responsive brief on January 26, 2022. *Saunders I*, Pl.'s Resp. to Mot. for J. on Pleadings, ECF No. 19.

Her Response to Home Depot's motion opened:

Defendant, Home Depot, Inc., has filed its Motion for Judgment On The Pleadings pursuant to F.R. Civ. P. 12 (c), contending that it is entitled to judgment as a matter of law.

The fallacy of the Defendant's motion is that it contends that the instant action is a "premises liability case" (See Def. Mtn ¶ 1), when in fact an action for negligence Plaintiff does not allege a defect on or a hazardous condition in the defendant's premises. Rather, Plaintiff alleges that the defendant negligently performed an assumed duty. Accordingly, much of the authority cited by the defendant is entirely inapplicable[.]

After a few weeks of being closed, Home Depot and other similar businesses were permitted to re-open, in whole or in part, provided that each such business establish, and strictly enforce such precautions as:

1) Limiting the number of customers inside a store at one time;

> > 2) Controlling customer traffic inside of the store
> > (i.e. one way aisles);
> >
> > 3) Requiring and enforcing customer distancing;
> > and
> >
> > 4) Controlling flow of customers through check-out
> > lanes.

> Home Depot…re-opened for business after agreeing to adhere
> to the Governor's orders and assuming the duty of enforcing
> the virus-mitigating measures.[1]

*Saunders I*, Pl.'s Resp. to Mot. for J. on Pleadings, ECF No. 19,

PageID.160 (emphasis added). Saunders raised two principal

arguments in support of her response:

> A. Assumption of Duty

> In compliance with the duty imposed by the Governor's
> orders, *and/or by [Home Depot's] assumption of a duty*,
> [D]efendant assigned an employee the task of directing
> customers as they checked out of the store with merchandise
> to purchase.

> However, once *assuming that duty*, Defendant breached that
> duty by its negligent failure to exercise care and skill in its
> performance. Such a breach of duty will render a defendant
> liable when it is a proximate cause of a plaintiff's injury[.]

> In the case at bar, *Defendant had a legal duty*, as imposed by
> the Governor, *or an assumed duty, which it undertook on its*

---

[1] In her Response, Plaintiff requested the Court take judicial notice of the
"aforementioned facts as set forth in the[se] paragraphs[.]" *See Saunders
I*, Pl.'s Resp. to Mot. for J. on Pleadings, ECF No. 19, PageID.160.

*own*, to act, intervene, give instructions, or to otherwise direct
and control customer check-out line traffic.

When the employee assigned the task of controlling customer
traffic failed to do anything to stop the man in front of Plaintiff
from offering and acting (by backing up) to allow a woman to
cut line, Defendant breached that duty.

At minimum this presents a question of fact for the jury with
respect to a cognizable claim, and hence [D]efendant's motion
must be denied.

B. Foreseeability

[I]n the case at bar, not only did the Defendant undertake to
control customer traffic, disorder in the check-out line and the
potential for losing, rather than maintaining, safe distancing
between customers was the very reason its employee was
given the responsibility to act when the orderly flow of check
out traffic was not maintained.

The disruption in customer check-out traffic was not only
foreseeable, it was the very thing the Defendant's employee
was tasked to prevent.

*Saunders I*, Pl.'s Resp. to Mot. for J. on Pleadings, ECF No. 19,

PageID.160–65 (emphasis added).

Home Depot replied on February 8, 2022, contesting both of

Plaintiff's arguments and highlighting Saunders' silence on its asserted

'independent intervening cause' defense, as well as some potential

weaknesses and inconsistencies in Plaintiff's own argument:

Saunders's Response raises only two arguments: 1) Home
Depot either voluntarily assumed a duty or adhered to a duty
imposed by an executive order, and 2) foreseeability is not an

element of a negligence cause of action. Both arguments fail. Moreover, Saunders failed to address Home Depot's argument that the customer stepping on Saunders's foot was an independent intervening cause of Saunders's injuries.

[S]aunders alleges in her Complaint that "[b]ecause of the coronavirus pandemic, the Defendant undertook a variety of measures intended to minimize the risk of transmission of the virus between customers and/or store employees."

In Saunders's Response, she does not claim that Home Depot voluntarily assumed any duty; rather she claims the Home Depot employee was present to comply with the executive order pertaining to virus mitigation measures.

Thus, Saunders has failed to allege that Home Depot voluntarily assumed a duty to protect Home Depot customers from other customers who might step on their feet.

For all these reasons, Home Depot did not voluntarily assume a duty to protect Saunders from this alleged danger.

*Saunders I*, 2:20-cv-13337, Def.'s Reply to Mot. for J. on Pleadings, ECF No. 20, PageID.168–70.

Later that fall, on September 30, 2022, the Court granted Home Depot's motion for judgment on the pleadings. *See Saunders I*, 2:20-cv-13337, Order for J. on Pleadings, ECF No. 22. As for whether the suit should be examined as one of 'premise liability' or 'ordinary negligence,' the Order concluded that Saunders' claim sounded in ordinary negligence. *Saunders I*, Order for J. on Pleadings, ECF No. 22, PageID.179 ("Saunders says that Home Depot 'negligently performed an assumed duty.' [But] [t]he Court 'is not bound by the label that Saunders

10

has attached to her claim.'") (citing *Ramadan v. Home Depot, Inc.*, 504 F. Supp. 3d 695, 705 (E.D. Mich. 2020) (Davis, J.)).

Respecting Saunders' allegations that Home Depot assumed a voluntary duty to prevent her accident—which, she said, the store then negligently performed—the Court held:

> Home Depot did not undertake [or] assume a general duty to protect the Plaintiff from all criminal or negligent acts of third parties.

> At most, they assumed a duty to take measures designed to limit the spread of the COVID-19 virus. But that duty does not become a general warranty to protect customers from any danger that might befall them while shopping as a consequence of their proximity to others, and even if it did, it would not be a duty to eliminate the possibility of such danger, merely to reduce it.

> Ultimately, while it is possible in certain factual circumstances that a merchant or a merchant's employee may assume a duty to protect a plaintiff from the criminal or negligent acts of third parties, there are insufficient allegations to support such a finding here.

> Moreover, even if Home Depot somehow assumed a general duty to manage the checkout line—which it does not appear to have done based on the allegations in the Complaint—the Complaint does not specifically allege that the employee was in a position to stop the man from backing into Plaintiff, nor even that the employee saw what was happening.

> On the allegations currently in the Complaint, the Court cannot conclude that Home Depot promised or assumed a duty to do anything more than take measures to limit COVID-19's spread.

*Saunders I*, Order for J. on Pleadings, ECF No. 22, PageID.186–87.

On October 13, 2022, the Court terminated *Saunders I*. Dissatisfied with the Court's findings, disposition, and dismissal, Saunders—the following day—moved for reconsideration:

> After removing the case from the Wayne County Circuit Court, Home Depot filed its motion for judgment on the pleadings pursuant to F.R. Civ. P. 12(c). In its motion, Home Depot characterized Plaintiff's complaint as presenting a 'premises liability case.'
>
> Plaintiffs only responded to the issues as framed by the Defendant's motion, as indeed that was all she could do. Thus, her response focused upon why the case was not a premises liability case, but rather was one for ordinary negligence. In so doing, she was required to distinguish the characteristics of premises liability cases from those in which ordinary negligence is alleged.
>
> Of course, in that process Plaintiff had to offer some discussion about her ordinary negligence theory of liability. But she did so only tangentially.
>
> She had to discuss cases involving hazardous conditions on the land, versus the negligent conduct, acts or omissions of one or more persons. Defendant's motion did not challenge the sufficiency of Plaintiff's complaint with respect to alleging a failure to exercise ordinary care. Consequently, the motion only called for Plaintiff's analysis as to why her case was not one for premises liability.

*Saunders I*, Pl.'s Mot. for Recons., ECF No. 23, PageID.189. Saunders continued, elaborating further and assigning blame elsewhere:

> [T]he Court…analyze[d] the claim of ordinary negligence in a manner not remotely suggested in the [D]efendant's motion, and therefore not addressed in Plaintiff's response. Plaintiff

was not given notice of the need to analyze the ordinary negligence issues *which were determinative in the Court's order*.

In short, Plaintiff's claim was dismissed by the Court, not because it was not persuaded by Plaintiff's argument on the critical issues, but rather without affording Plaintiff a meaningful opportunity to be heard on them.

Plaintiff did not, indeed could not have, anticipated the Court's analysis and did not have a chance to address the issues the Court held were determinative.

Because Plaintiff did not have an opportunity to be heard on the issues considered by the Court, and because Plaintiff also respectfully submits that the Court's analysis is erroneous, Plaintiff moves for reconsideration pursuant to L.R.E.D. Mich. 7.1(h).

*Saunders I*, Pl.'s Mot. for Recons., ECF No. 23, PageID.190 (emphasis added). Saunders then rehashed her prior contentions concerning Home Depot's alleged duty:

[T]he store's "line monitor" did far more than to simply maintain social distancing by the customers. He directed customers to cashiers and/or kiosks as they became open. More importantly, he maintained order, promoted efficiency and ensured fairness to the customers as evidenced by his direction for the woman who was about to cut the line (apparently unintentionally) to go to the end of the line. *The exercise of authority to maintain order amongst the customers in the check-out lane exceeded any requirement of the governor's order. Accordingly, the Executive order has virtually no bearing on the case and does not impact the question of duty in any way[.]*

The store employee was assigned a task which neither violated nor was required by the Governor's order. *Rather,*

13

*Home Depot independently assumed a duty not suggested by the order itself.* When assuming such a duty, the Defendant was obligated to act in a non-negligent manner[.]

…[T]he Court also addressed Plaintiff's contention that the Defendant had voluntarily assumed the duty of directing and controlling customer traffic with respect to the Defendant's check-out/cashier area[.]

Plaintiff herein alleges that the Defendant affirmatively acted by undertaking to monitor and control customer traffic at the check-out area of the store, but did so negligently.

*Such an allegation is the essence of a voluntarily assumed duty* which is performed in a negligence [sic].

[I]n the case at bar, Home Depot undertook to direct and control its customer check-out line. Indeed, in the first instance in the alleged sequence of events, it did precisely that when the line monitor stopped the woman from cutting line and directed her to the end of that line. Curiously, despite the *assumed duty*, the monitor remained silent, instead of telling the man who would have allowed the woman in line ahead of him that he could not allow her to cut in front of others and/or that he should be careful before he backed into the Plaintiff. *That is the negligence in performing the assumed duty which Plaintiff complains about.*

*Saunders I*, Pl.'s Mot. for Recons., ECF No. 23, PageID.194–97. (emphasis added).

Finding no merit in Saunders' restatement of her previously considered position, on June 6, 2023, the Court denied her Motion for Reconsideration:

14

> [P]laintiff faults the Court's finding that Plaintiff did not sufficiently allege that Home Depot assumed a duty to protect against the kind of harm that happened here. Plaintiff also disputes the additional conclusion that, whatever measures Home Depot did affirmatively undertake to manage the checkout line, there are insufficient allegations that performed them negligently[.]
>
> Here, Plaintiff says, Home Depot did not properly perform its undertaking to manage customer traffic. But as the Court explained[,]… the alleged facts do not say that Home Depot assumed a broad duty to protect its customers from collisions with other shoppers in the checkout line.
>
> [A]s for the argument that Home Depot or its employee negligently implemented its social distancing policy, the Court determined that Plaintiff had not alleged that the Home Depot employee near the check-out line actually saw the man backing up towards the Plaintiff or was in a position to stop the collision. Nor did the Complaint allege with specificity that the employee otherwise caused, contributed to, or failed to stop the collision.

*Saunders I*, Order Den. Recons., ECF No. 24.

That Order is the last filing in *Saunders I*.

Exactly three months after the Court's denial of reconsideration, on September 6, 2023, Saunders filed a new suit in Wayne County Circuit Court. *Saunders II*, Comp., ECF No. 1-1, PageID.13–16. Her second Complaint acknowledged that "[a] prior civil action between these parties arising out of the same transaction and/or occurrence alleged herein was filed[;] [i]t was WCCC 20-011991-CZ and was assigned to the docket of Hon. Patricia Perez Fresard." *Saunders II*, Comp., ECF No. 1-1,

PageID.13. Its summons likewise referenced a "previously filed" action "in this [state] court," bearing case number 20-011991-CZ—marked on the form as "no longer pending." *Saunders II*, Summons, ECF No. 1-1, PageID.12. No mention, in either the summons or second Complaint, is made of any prior federal court proceedings on this matter. *See Saunders II*, ECF No. 1-1, PageID.11–17.

On November 22, 2023, Defendant removed the "new" action to the Eastern District of Michigan. *See Saunders II*, ECF No. 1, PageID.1–7.

Home Depot now moves to dismiss, arguing that Saunders' claims "fail as a matter of law," as they are allegedly expired under Michigan's statute of limitations, barred by res judicata and collateral estoppel, futile because Michigan law does not recognize a duty to prevent all customer contact, and Home Depot neither voluntarily assumed such a duty nor acted negligently. *Saunders II¸* ECF No. 2, PageID.19.

## IV.   DISCUSSION

### A.   Res Judicata & Collateral Estoppel

Home Depot raises the affirmative defenses of res judicata and collateral estoppel, among others. Roughly translated from Latin as 'the thing has been decided,' the legal principle of res judicata prevents a party from relitigating claims that have already been decided or could have been raised but were not in a previous lawsuit. *See Saunders II*, Def.'s Mot. to Dismiss, ECF No. 2, PageID.19.

Saunders contests Home Depot's supposition vehemently, contending that the preclusion doctrines are inapplicable to this suit.

Res judicata—also known as "claim preclusion"—prevents a party from bringing to court a claim if the party has previously brought to court a prior claim as to which the following elements were met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies, (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *United States v. Schafer & Weiner, PLLC*, 19-CV-13696, 2020 WL 7770907, at *6 (E.D. Mich. Dec. 30, 2020) (quoting *Browning v. Levy*, 283 F.3d 761, 771–72 (6th Cir. 2002)).

In contrast, collateral estoppel—or "issue preclusion"—precludes re-litigation of an issue in a subsequent action where (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel. *See People v. Trakhtenberg*, 493 Mich 38, 48 (2012); *Monat v. State Farm Ins.,* 469 Mich. 679, 684–85 (2004).

Saunders appears to conflate the two. For instance, she states:

Res judicata bars a subsequent action between the same parties when the facts or evidence essential to the actions are identical. Res judicata requires 1) a disposition on the merits;

17

2) a final decree or judgment. *Kosiel v. Arrow Liquors Corp.*, 446 Mich 374 (1994).

Moreover, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the first action[.] Plaintiff clearly did not have a full and fair opportunity to litigate any of the issues upon which the ruling was based.

Defendant had not raised the issues, and the Court did not give notice and opportunity to be heard before it sua sponte decided the issues it viewed as controlling.

*Saunders II*, Pl.'s Resp. to Mot. to Dismiss, ECF No. 5, PageID.56–57.

Under the doctrine of res judicata, whether the Plaintiff had a "full and fair opportunity" to litigate the issues now being raised is beside the point—for that is an element of collateral estoppel, not res judicata.

Saunders contends that "[t]here was no disposition (in *Saunders I*) on the merits[;] rather, the case was dismissed upon the deficiencies the Court found in the pleadings as they then existed[:] Hence the dismissal was without prejudice." *Saunders II*, Pl.'s Resp. to Mot. to Dismiss, ECF No. 5, PageID.56. According to Saunders, "the Court's ruling is more correctly described as a dismissal under Fed. R. Civ. P. 12(b)(6) than a Judgment on the Pleadings under 12(c)." *Saunders* II, Pl.'s Resp. to Mot. to Dismiss, ECF No. 5, PageID.55. Saunders provides no elaboration, support, or explanation for the stark distinction he draws between the two motions permitted by Rule 12.

18

The conflation of the two kinds of motions, however, is understandable. The two standards can be similar, if not at times near-identical. As Home Depot has previously explained:

> "Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial." *Schaefer v. Modelski*, 2015 WL 574901, *3 (E.D. Mich. 2015). "Motions seeking judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), are reviewed under the same standard [that] applies to motions to dismiss brought pursuant to Rule 12(b)(6)." *Id.* (quoting *Estate of Malloy v. PNC Bank*, 2012 WL 1094344, *4 (E.D. Mich. 2012)).
>
> Rule 12(b)(6) tests the sufficiency of a complaint. *Id.* at *4. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).
>
> "A rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510, F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). A court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).
>
> "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Schaefer*, 2015 WL 574901, *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 578 (2009)). To determine whether a complaint states a plausible claim for relief, "a court may apply the following two-part test:

> (1) 'identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and
>
> (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief."

*Id.* at *4 (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at *3 (quoting *Iqbal*, 556 U.S. at 678).

*Saunders I*, Def.'s Mot. for J. on Pleadings, ECF No. 15, PageID.132–33.

Put differently, Rule 12(c) motions are "analyzed under the same standards that apply to…Rule 12(b)(6) motion[s]." *Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d. 187, 195 (3d Cir. 2019); *see also Bach v. Centocor Ortho Biotech, Inc.*, 519 Fed. Appx. 937 (7th Cir. 2013) (clarifying that when a motion to dismiss is based on affirmative defenses, it should be brought under Rule 12(c) instead of 12(b)(6), though "this procedural wrinkle does not affect [the Court's ultimate] analysis").

Here, one distinction between the two Rule 12 motions is particularly notable. "While a Rule 12(b)(6) motion tests whether a plaintiff has ple[aded] sufficient factual allegations to proceed with a complaint, a Rule 12(c) motion asks whether 'the merits of the controversy can be fairly and fully decided in this summary manner.'" *Watkins v. Washington Metro. Area Transit Auth.*, 2023 WL 2734324, at

20

\*4 (D.D.C. 2023); *see Murphy v. Department of Air Force*, 326 F.R.D. 47 (D.D.C. 2018) ("Importantly, not only does a Rule 12(c) motion differ in substance, it also demands a different response from the court: unlike a Rule 12(b)(6) motion, a Rule 12(c) motion asks the court to render a judgment on the merits by looking at the substance of the pleadings and any judicially noted facts.").

The Court in *Saunders I* looked to the substance of the parties' pleadings in both its order regarding Defendant's motion for judgment on the pleadings and once more in its order denying Saunders' request for reconsideration of that ruling. By doing so, the Court necessarily found Saunders' claims ripe for resolution, considered her contentions, and decided the issues on their merits.

But both res judicata and collateral estoppel include the element that the Court's prior ruling was a final judgment. And, here, the Court's orders in *Saunders I* were not final. A "final" judgment on the merits "signifies the 'death knell' of the litigation…permanently foreclos[ing] a party" from trying again. *Mitchell v. Chapman*, 343 F.3d 811, 821–22 (6th Cir. 2003). Thus, "[f]or claim preclusion, what really matters is the effect of the judgment." *Arangure v. Garland*, No. 19-4025, 2022 WL 539224, at \*5 (6th Cir. Feb. 23, 2022).

In the Sixth Circuit, dismissal of a case "without prejudice" is not truly "final." *Arangure v. Whitaker*, 911 F.3d 333, 346–47 (6th Cir. 2018):

Generally speaking, a dismissal "without prejudice" means a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. *[S]ee* Restatement (Second) of Judgments § 20(1)(b). Such a judgment does not "permanently foreclose[ ]" a litigant from trying again, so it is not sufficiently "final" to be given res judicata effect.

When granting Defendant's 12(c) motion, the Court dismissed the original Complaint without prejudice, closing the case two weeks later. *See Saunders I*, Order for J. on Pleadings, ECF No. 22, PageID.187.

Plaintiff moved for reconsideration "pursuant [solely] to L.R.E.D. Mich. 7.1(h)." *Saunders I*, Pl.'s Mot. for Recons., ECF No. 23, PageID.190. Local Rule 7.1(h)(1) states, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)[;] [t]he [C]ourt will not grant reconsideration of such an order or judgment under this rule." Accordingly, the Court considered Saunders' motion as one for reconsideration of a "non-final order" under Local Rule 7.1(h)(2)(A). *See Saunders I*, Order Den. Recons., ECF No. 24, PageID.200 (The Court elaborating that "[a] motion for reconsideration which presents the same *issues* already ruled upon[,] either expressly or by reasonable implication, will not be granted.") (quoting *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001) (emphasis added).

In its June 16, 2023 order denying reconsideration, the Court reiterated the non-finality of its Order granting judgment on the pleadings:

> Finally, Plaintiff argues that the Court erred by not allowing her to amend her complaint. But the Court's dismissal was without prejudice. Plaintiff was and remains permitted to seek leave to amend her complaint, which would reopen this case. Any motion for leave to amend should include a copy of the proposed amended complaint.

*Saunders I*, Order Den. Recons., ECF No. 24, PageID.200–01. But Plaintiff chose not to file an amended complaint, electing instead to file the same complaint in state court for a second time, and to be removed to federal court for a second time as well.      As      the Court did not publish any final orders or judgment in *Sanders I*, it stands that there is no preclusive effect in *Saunders II* of the Court's previous *Saunders I* merits-based holdings.

## B.   Complaint Amendment and Refiling

Even so, *Saunders I* stands as the over-arching background of the present controversy. For instance, contrary to Plaintiff's statements, at no point in *Saunders I* did Saunders submit a motion for leave to amend—or, at least, do so adequately. *See Saunders II*, Pl.'s Resp. to M. to Dismiss, ECF No. 5, PageID.49.

Having moved for reconsideration in *Saunders I* per Local Rule 7.1(h), Plaintiff ought to be acquainted with Local Rule 7.1(i)[2] and Local Rule 15.1.[3] Yet in her Response to Home Depot's Motion to Dismiss, Plaintiff asserts:

> Notwithstanding the errors Plaintiff contended that the Court made in its ruling, Plaintiff requested leave to amend her complaint to address the specific deficiencies it found to be present in her complaint. (Exb. F, p. 11).

*Saunders II*, Pl.'s Resp. to Mot. Dismiss, ECF No. 5, PageID.49.

Exhibit F, referenced above, is Plaintiff's Motion for Reconsideration in *Saunders I*. The particular page of the reconsideration motion cited by Saunders in support of her assertion that she requested leave to amend states in its entirety:

> [In] its opinion and order (ECF No. 22, PageID.186–87), the Court rejected the Defendant's assumption of 'a general duty to manage the check-out line' because the complaint does not allege as much.

---

[2] "Motions must not be combined with any other stand-alone document. For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be stricken." L.R. 7.1(i).

[3] "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion." L.R. 15.1.

> Although Plaintiff disagrees, and urges that she did in fact
> allege those things and/or that such can be reasonably
> inferred from her allegations, she also submits that
> throughout her response to Defendant's motion, she requested
> leave of the Court to amend her complaint (see ECF No. 19,
> PageID.161–62, 165).
>
> At a minimum, leave to amend, which must be freely granted,
> should have been afforded the Plaintiff to address what the
> Court found to be deficient in the original Complaint.
>
> For the foregoing reasons, Plaintiff moves the Court's
> reconsideration of its grant of the Defendant's Motion for
> Judgment on the Pleadings.

*Saunders I*, Pl.'s Mot. for Recons., ECF No. 23, PageID.198. Although
Saunders laments the Court's supposed failure "to afford" her the
opportunity to amend, unfortunately, Plaintiff never filed a Motion to
Amend for the Court's consideration and never attached a proposed
amended complaint.

In her Response to Defendant's Motion to Dismiss, Saunders
continues to re-write the history of the docket by saying:

> In an order entered on June 16, 2023, the Court denied
> Plaintiff's Motion for Reconsideration. (Exh. G).[4]
>
> With respect to Plaintiff's request for leave to amend her
> complaint, the Court noted that the dismissal was without
> prejudice and therefore denied it at that time. (Exb. G, p. 4).[5]

---

[4] *Saunders I*, Order Den. Recons., ECF No. 24.
[5] *Saunders I*, Order Den. Recons., ECF No. 24, PageID.203.

Plaintiff then filed their second suit.

*Saunders II*, Pl.'s Resp. to Mot. Dismiss, ECF No. 5, PageID.49.

But, as stated, it is incorrect to say the Court denied a motion by Plaintiff to amend her Complaint because she never submitted one. Buried in parentheticals in Plaintiff's Response to Home Depot's Motion for Judgment on the Pleadings, she referenced a possible intention to file a motion for leave to amend:

> Because of the social distancing requirements of the store, the customer check-out area consisted of one elongated check-out line which bent around and extended into a front store concourse which connected the store merchandise aisles. As a consequence, the merchandise aisles spilled into the front concourse such that customers in these aisles would spill into the check-out line as they walked down these aisles towards the front of the store (See Plt's complaint ¶ 10 generally)(*To be alleged with greater completeness and clarity if leave to amend is granted*).

> A store employee was assigned the task of directing check-out line customer traffic, enforcing social distancing separation, and maintaining order of and in the check-out line. (See compl. ¶ 11) (*To be alleged with greater clarity and detail if leave to amend is granted*).

> Plaintiff took her place in line behind a large man, while maintaining a proper social distance of six feet or more. Thereafter, at least two other customers took their places in line behind her. (Compt. ¶ 13)(*To be alleged in greater detail if granted leave to amend*).

*Saunders I*, Pl.'s Resp. to Mot. J. Pleadings, ECF No. 19, PageID.161–62.

While Plaintiff's Response later does contain language more clearly expressing her desire to seek leave to amend, such a request must be made in a separate motion and must be accompanied by a proposed amended complaint. *Saunders I*, Pl.'s Resp. to Mot. J. Pleadings, ECF No. 19, PageID.161 ("request[ing] leave of the Court to allege…facts which place the underlying incident into context given the unique circumstances of the times.").

The only other mention in Saunders' Response of a desire to amend was inserted at the end of the filing's two-sentence conclusion: "Defendant's Motion for Judgment on the Pleadings must be denied. Plaintiff further seeks leave of the court to amend her complaint." *Saunders I*, Pl.'s Resp. to Mot. J. Pleadings, ECF No. 19, PageID.165.

If Plaintiff intended her Response to serve as a motion to amend, the filing was an inappropriate avenue for doing so. Even were it a suitable procedural vehicle, Saunders neither attached a proposed amended pleading nor provided justification for why such leave was warranted. *See* Fed. R. Civ. P. 15(a)(2); L.R. 15.1. Her nebulous assurances that unstated facts—ones purportedly capable of curing the original Complaint's defects—will "be alleged in greater detail if granted leave to amend" are insufficient and would not be well taken. *See Saunders I*, Pl.'s Resp. to Mot. J. Pleadings, ECF No. 19, PageID.161–62.

If Saunders wished to amend her Complaint, the proper means to do so was simply file a Motion for Leave to Amend at any point.

Saunders chose not to file a motion seeking leave to amend the complaint. Instead, she asked for reconsideration and then, failing that, re-filed the same complaint in state court (again).

Saunders professes that, *this time*, her Complaint "specifically allege[s] the very facts the Court found to be deficient in the first." *Saunders II*, ECF No. 5, PageID.56. Unfortunately, Plaintiff fails to specify what those deficiencies were and how they are remedied in her second Complaint. It is not enough to merely assert that the problems have been fixed.

In comparing Saunders' dismissed original Complaint and her instant Complaint, the Court found only minor differences, which are demarcated below in italics:

- **Paragraph 2:** "*Defendant does business in Wayne County.*"

- **Paragraph 9:** "*Some measures were mandated by Michigan Govenor's [sic] Executive Order 2020-21. However, the negligence complained of herein resulted from Defendant's voluntary assumption of a duty.*"

- **Paragraph 11:** "A store employee was assigned to direct customer check-out traffic, which included directing customers to check-out lanes as they became open, reminding customers to maintain six feet of separation, and directing customers to the end of the line *so as to prevent customers from cutting line.*"

- **Paragraph 13:** "After Plaintiff took her place in line, at least two other customers took their places in line behind her. *The store employee assigned the task of directing customer traffic through check-out did so, instructing customers waiting as to how to proceed as necessary.*"

- **Paragraph 14**: "The line progressed to the point that the man in front of Plaintiff was the next customer to check-out as soon as a cashier *or kiosk became* available."

- **Paragraph 15**: What was labeled the "front floor area" became the "front *concourse* area[.]"

- **Paragraph 16:** "As the woman began to comply with the store employee's direction, the man in front of the Plaintiff began telling the woman that she could take a position in front of him, notwithstanding that there were customers behind him in the check-out line *that she would be unfairly cutting in front of*."

- **Paragraph 17:** "*store* employee"

- **Paragraph 19**: "Defendant had a duty and/or assumed the duty to reasonably control customer traffic at the check-out lanes, *but did so in a negligent manner*."

None of the additions to the Complaint remedy the underlying legal problems that the Court identified in its earlier order of dismissal. The new Complaint merely adds but a few legal conclusions and some minor, inconsequential details.

29

In its instant 12(b)(6) motion to dismiss, Defendant argues that Saunders' second Complaint fails to state a claim upon which relief can be granted. *See Saunders II*, ECF No. 2, PageID.33–38. In her Response, Saunders contests the procedural arguments made by Defendant, but she neglects to address the problems with her claim that are identified by Defendant.

Perhaps recognizing this failure, Plaintiff sought to file a sur-reply captioned as a "Motion for Leave to File Clarifying And/Or Supplemental Brief, two weeks after the briefing had closed. In that pleading, Plaintiff "submits that she did in fact contend that her [second] complaint stated a claim[.]" *Saunders II*, ECF No. 8, PageID.143.[6] In her pleading, Plaintiff requests "leave of the count (sic) to file a clarifying or supplemental brief[,] so as to make her position[—]that her complaint states a claim upon which relief may be granted [—]unmistakably, and unambiguously clear." *Saunders II*, ECF No. 8, PageID.143. As the Court has chosen to forego oral argument on Defendant's pending Motion to Dismiss, Saunders protests that "Plaintiff will have no opportunity to

---

[6] In support of this submission, Plaintiff directs the Court to "[s]ee the entirety of Plaintiff's response; see primarily section 3 of the brief" and stated in a footnote, "With apologies, Plaintiff inadvertently failed to number the pages of her brief, and can only direct the court's attention to section 3." ECF No. 8, PageID.143 n.1. While the initial oversight is understandable, Plaintiff could have directed the Court's attention to a particular page by referring to the PageID number assigned by the ECF system.

30

address [D]efendant's contention that she did not contest a part of [D]efendant's motion unless leave to file the aforementioned brief is granted." *Saunders II*, ECF No. 8, PageID.143. But Plaintiff had her opportunity to respond to Defendant's motion to dismiss. She is not entitled under the Rules to have the last word.

In any case, the Court has considered the arguments Plaintiff sets forth in her motion for leave to clarify. In that pleading, for example, Plaintiff states that her "intent to contend that her complaint does in fact state a claim upon which relief may [be] granted, and her belief that she did so, [paired with] the fact that Defendant argues otherwise, suggest[] that there is at least some ambiguity as to whether or not she did." *Saunders II*, ECF No. 8, PageID.143.

But the best—and only—argument in favor of Plaintiff's position that her complaint states a plausible claim for relief is the content of the allegations in that complaint. Defendant points out that the complaint suffers from the same problems that the Court identified when it dismissed Plaintiff's original complaint. Defendant is correct in this position—and no amount of advocacy by Plaintiff can save the factual allegations in the complaint if they are insufficient to state a claim.

As stated above, although Plaintiff was well aware of the infirmities that the Court identified in its order of dismissal, she made only minor edits to her allegations. In the portion of its previous order cited above, *supra*, the Court gave examples of the kinds of facts that might be

31

sufficient, explaining, "Moreover, even if Home Depot somehow assumed a general duty to manage the checkout line—which it does not appear to have done based on the allegations in the Complaint—the Complaint does not specifically allege that the employee was in a position to stop the man from backing into Plaintiff, nor even that the employee saw what was happening." *Saunders I*, Order for J. on Pleadings, ECF No. 22, PageID.186–87. The Court highlighted missing allegations again when it denied the motion for reconsideration. Portions from that order are also cited above. *Saunders I*, Order Den. Recons., ECF No. 24.

The complaint does not plausibly allege facts showing that Home Depot had a duty that it breached.

Plaintiff has made no effort to mend the fatal weaknesses of her case. Rather, in *Saunders II*, Plaintiff has filed an action that is deficient in the same ways as *Saunders I*. Saunders has repeatedly forced the Defendant and the Court to address the deficiencies in her arguments, despite having ample opportunities to correct them.

After granting Defendant's motion for judgment on the pleadings in *Saunders I*, the Court should have dismissed the matter with prejudice and issued a judgment so as to give its prior holdings preclusive effect. It will do so now.

## V.   CONCLUSION

For these reasons, Defendant Home Depot's motion to dismiss is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**. A separate judgment will follow. This is a final order that closes the case.

**SO ORDERED.**


Dated: September 26, 2024    s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE